# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>**ARCHETYPES, INC.,**<br>           Debtor. | Chapter 11<br><br>Case No. 13-12874 (CSS)<br>Hearing Date: 12/9/2013 at 2:00 p.m. (ET)<br>Objection Deadline: 12/2/2013 at 4:00 p.m.<br>Extended for Gregory Messer to 12/6/2013 at 12:00 p.m. (ET)<br><br>Re: Docket No. 43 |

**CONDITIONAL OBJECTION OF GREGORY MESSER, CHAPTER 7 TRUSTEE OF THE ESTATES OF REVOLATE HOLDINGS LLC, ET AL.[1] TO THE DEBTOR'S APPLICATION TO RETAIN DORSEY & WHITNEY LLP AS ITS GENERAL COUNSEL**

Gregory Messer, as chapter 7 Trustee of the Revolate Debtors (the "Revolate Trustee"), by and through his proposed special counsel, Womble Carlyle Sandridge & Rice, LLP, and Klestadt & Winters, LLP, hereby files this conditional objection (the "Objection") to the above-captioned debtor's (the "Debtor"), application (the "Application") [Docket No. 43] for an order authorizing it to retain Dorsey & Whitney LLP (the "Dorsey Firm") under a general retainer to prosecute its chapter 11 case. In support of the Objection, the Revolate Trustee respectfully states as follows:

## PRELIMINARY OBJECTION

1. This case is in all respects a two-party dispute between the primary shareholders and lenders to the Debtor – the Revolate Debtors (by the Revolate Trustee) on the one side, and entities owned and controlled by Christina Carlino (collectively, "Carlino") on the other. The

---

[1] The related debtors include Revolate Holdings, LLC, Lipman Operating, LLC, Lipman Archteypes Holding, LLC, Lipman Archetypes Holding II, LLC and Lipman Archetypes Holding III, LLC (collectively, the "Revolate Debtors"). The Revolate Debtors' chapter 7 cases were filed on September 24, 2013 and are pending before the United States Bankruptcy Court for the Southern District of New York under lead case number 13-13110 (Lifland, J.).

Revolate Trustee and Carlino are actively negotiating their differences and appear to be close to reaching a settlement that would be subject to the approval of this Court and Judge Lifland in the Revolate Debtors' bankruptcy proceeding (a "Settlement").  Unfortunately, the parties have not reached a Settlement before the deadline to object to the Application, which is currently 12:00 p.m. on December 6, 2013.[2]  In any event, even if the parties reach a Settlement, it will remain subject to approval by two bankruptcy courts which will take some amount of time even if sought on an expedited basis.

2. The Revolate Trustee has outstanding requests for documents to the Dorsey Firm[3] related to the Application, and based upon a review of the documents received, may wish to examine one or more parties in connection with the Application to ensure that the Dorsey Firm's retention by the Debtor is not violative of Rule 1.9(a) of the Delaware Layers' Rules of Professional Conduct.[4]  If a Settlement is entered into and approved, the need for the Revolate Trustee to conduct further discovery and prosecute the Objection will be obviated.

3. The Revolate Trustee respectfully requests that the hearing on the Application be adjourned to either (i) allow the parties to complete and seek approval of the Settlement, or if the parties cannot reach a Settlement or get approval thereof, (ii) allow the Revolate Trustee to obtain discovery with respect to the Application.  Alternatively, the Revolate Trustee requests

---

[2] The Dorsey Firm agreed to a number of extensions of this deadline while the parties negotiated the Settlement, but has been unwilling to adjourn the December 9, 2013 hearing on the Application.

[3] DLRPC 1.9(a) provides that:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Rule 1.9(a), Delaware Lawyers' Rules of Professional Conduct.

[4] The Dorsey Firm served as counsel to the Revolate Debtors under a general retainer agreement until at least June 1, 2013.

that any order approving the Application prohibit the Dorsey Firm from acting adverse to the Revolate Trustee in this case.

## RESERVATION OF RIGHTS

4. The Revolate Trustee fully reserves his right to submit an additional brief and objections to the Application, or withdraw this Objection, following the completion of discovery.

Dated: December 6, 2013

**WOMBLE CARLYLE SANDRIDGE & RICE, LLP**

/s/ *Matthew P. Ward*
Matthew P. Ward (DE Bar No. 4471)
222 Delaware Avenue, Suite 1501
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
E-mail: maward@wcsr.com

-and-

**KLESTADT & WINTERS, LLP**
Fred Stevens
Sean C. Southard
570 Seventh Avenue, 17th Floor
New York, New York 10018
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Email: fstevens@klestadt.com
Email: ssouthard@klestadt.com

*Counsel for Gregory Messer, as Chapter 7
   Trustee of the Revolate Debtors*