IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AI LIQUIDATION COMPANY,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 13-12874 (CSS)<br><br>**Objection Deadline: February 21, 2014 at 4:00 p.m.**<br>**Hearing Date: February 28, 2014 at 11:00 a.m.** |

**MOTION TO CONVERT CHAPTER 11 CASE TO CASE
UNDER CHAPTER 7 OF THE BANKRUPTCY CODE;
OR ALTERNATIVELY, TO DISMISS CHAPTER 11 CASE**

The debtor and debtor-in-possession (the "**Debtor**") in the above-captioned chapter 11 case (the "**Chapter 11 Case**"), hereby moves (the "**Motion**") the Court for the entry of an Order converting the Debtor's Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code; or, alternatively, dismissing the Debtor's Chapter 11 Case. In further support of this Motion, the Debtor respectfully represents as follows:

**PRELIMINARY STATEMENT**

On January 16, 2014, the Debtor completed a sale of substantially all of its assets to the Purchaser (defined below). Given the closing of the sale and the Debtor's inability to effectuate additional borrowings under the Budget (defined below) funded by CC Bridge Lender, LLC, the Debtor does not believe that it will be able to propose or confirm a plan in this case and continues to incur administrative expenses. Based on these circumstances, the Debtor requests that the Court grant the Motion.

---

[1] The last four digits of the Debtor's federal tax identification number are 3325. The Debtor's headquarters and mailing address is 1441 Broadway, 3rd Floor, Suites 3001 & 3002, New York, NY 10018.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is core within the meaning of 28 U.S.C. § 157(b).

2. The statutory predicates for the relief requested herein are: (i) sections 105(a), 349, 1112(a) and 1112(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended or modified, the "**Bankruptcy Code**"); (ii) Rules 1017(f) and 9013 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and Rule 1017-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

## BACKGROUND

3. On November 1, 2013 (the "**Petition Date**"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

4. From the Petition Date through the closing of the Sale (as defined below), the Debtor continued in possession of its properties and operated and managed its businesses as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No request has been made for the appointment of a trustee or examiner, and a creditors' committee has not been appointed in this Chapter 11 Case.

6. The Debtor operated a website-based business hosted at www.archetypes.com ("**Archetypes**"). Archetypes is designed to enable users/customers to identify their primary "archetypes" or personality types and to filter community, content and commerce according to their "archetypes" or personality types, based on Carl Jung's personality-defining philosophy of

archetypes. A user/customer who visits Archetypes completes a short multiple choice personality quiz. The website then reveals the user's personality "archetypes" and provides content, community and commerce based on the characteristics of their archetype.

A.   **The Sale Process**

7. On January 13, 2014, this Court entered an *Order (A) Authorizing the Sale of Substantially all of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests, Except as Provided in the Successful Bidder's Asset Purchase Agreement; (B) Authorizing and Approving Purchase Agreement Thereto; (C) Approving the Assumption and Assignment of Certain of the Debtor's Executory Contracts and Unexpired Leases Related Thereto; and (D) Granting Related Relief* (the "**Sale Order**") [Docket No. 138].

8. In accordance with the Sale Order, the Debtor closed on the sale of substantially all of its assets (the "**Sale**"), including all causes of action, to CC Bridge Lender, LLC (the "**Lender**" or "**Purchaser**") on January 16, 2014 (the "**Closing Date**").

9. Following the Closing Date, the Debtor is continuing the process of resolving transition issues, paying administrative expenses and completing post-closing obligations under the Sale documents.

B.   **Debtor–in-Possession Financing and the Budget**

10. On December 17, 2013, the Court entered a *Final Order (I) Authorizing the Debtor to Obtain Postpetition Financing Pursuant to Section 364 of the Bankruptcy Code, (II) Authorizing Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code, (III) Granting Liens and Super-Priority Claims, (IV) Granting Adequate Protection to the Prepetition Lenders and (V) Scheduling a Final Hearing on the Debtor's Motion to Incur Such Financing on a Permanent Basis* [Docket No. 124] (the "**DIP Order**") which approved a budget (the

"**Budget**") for the Debtor's administration of this Chapter 11 Case through January 31, 2014. The Budget contemplates payment of all known administrative expense claims in the Chapter 11 Case incurred before and after the Closing Date through the dismissal or conversion of this case to a case under chapter 7 of the Bankruptcy Code.

11. The DIP Order includes a carve-out for the benefit of any chapter 7 trustee appointed in this case in an amount equal to $25,000.

12. No challenges to the secured claims asserted by the Purchaser or any other party were initiated prior to the January 15, 2014 deadline established by the DIP Order. Pursuant to the DIP Order, the Debtor waived, discharged and released any right it may have to challenge any of the Prepetition Obligations (as defined in the DIP Order) and the security for those obligations, and to assert any offsets, defenses, claims, objections, challenges, causes of action and/or choses of action against the Lender and/or any of its affiliates, parents, subsidiaries, equity holders, managers, members, agents, attorneys, advisors, professionals, officers, directors, employees and affiliates of any of the foregoing.

13. The Debtor believes that all administrative expenses in this Chapter 11 Case either have been paid or will have been paid as of the date of the hearing on this Motion. However, the remaining funds provided for in the Budget and the Debtor's lack of remaining assets will not support the implementation of a chapter 11 plan of reorganization in this case.

    C.    **The Settlement with the Revolate Trustee**

14. On September 24, 2013, Revolate Holdings LLC, Lipman Operating, LLC, Lipman Archetypes Holding, LLC, Lipman Archetypes Holding II, LLC, and Lipman Archetypes Holding III, LLC (the "**Revolate Debtors**") each filed a voluntary petition for relief

under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the **"SDNY Bankruptcy Court"**).

15. On September 25, 2013, Gregory Messer, Chapter 7 Trustee, was appointed as the chapter 7 trustee of the Revolate Debtors (the **"Revolate Trustee"**).

16. On November 21, 2013, the Revolate Trustee filed a preliminary objection (the **"Sale Objection"**) to the Sale [Docket No. 117].

17. Thereafter, the Debtor, the Revolate Trustee and the Purchaser engaged in good faith negotiations to resolve the claims asserted in the Sale Objection. These negotiations resulted in the settlement (the **"Settlement"**) set forth in the *Debtor's Motion for an Order, Approving Settlement Between and Among the Debtor, CC Bridge Lender, LLC and the Revolate Trustee*, filed with this Court on December 13, 2013 [Docket No. 117] (the **"Settlement Motion"**), fully resolving the Sale Objection, which was approved by the Court on January 13, 2014 [Docket No 141] and pursuant to which the Purchaser acquired the secured claims asserted by the Revolate Debtors against the Debtor's estate.

18. The Settlement also provided for broad releases of, among others: (i) the Debtor and the Lender by the Revolate Trustee on behalf of the Revolate Debtors; and (ii) the Revolate Debtors and the Revolate Trustee by the Debtor and the Lender, which fully resolved any and all disputes between both estates.

19. As a result of the Sale, the DIP Order and the Settlement, the Debtor believes that the estate does not currently possess any assets of any material value to be liquidated for the benefit of the Purchaser (as successor-in-interest to the now senior secured claims of the Revolate Debtors) and the Debtor's other creditors.

**RELIEF REQUESTED**

20.     By this Motion, the Debtor requests entry of an Order pursuant to section 1112(a) of the Bankruptcy Code converting the Debtor's Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code; or, alternatively, an Order authorizing the dismissal of the Debtor's Chapter 11 Case, pursuant to sections 1112(b)(1) and (b)(4)(A) of the Bankruptcy Code.

**BASIS FOR RELIEF**

A.     **Voluntary Conversion**

21.     Section 1112(a) of the Bankruptcy Code governs the voluntary conversion from chapter 11 to chapter 7. Section 1112(a) provides that a debtor may convert a chapter 11 case to a case under chapter 7 at any time as of right. Specifically, section 1112(a) states:

> The debtor may convert a case under this chapter to one under chapter 7 of this title unless –
>
> (1)     The debtor is not a debtor in possession;
>
> (2)     The case originally was commenced as an involuntary case under this chapter; or
>
> (3)     The case was converted to a case under this chapter other than on the debtor's request.

*See* 11 U.S.C. § 1112(a).

22.     Section 1112(a), therefore, gives a chapter 11 debtor the right to convert its case to a chapter 7 case unless one of the enumerated exceptions in section 1112(a)(1)-(3) is applicable. *See, e.g., In re Dieckhaus Stationers of King of Prussia, Inc.*, 73 B.R. 969, 971 (Bankr. E.D. Pa. 1987) (stating that section 1112(a) "gives a debtor in possession an absolute right to convert, unless the case is governed by one of the enumerated exceptions"); *Abbott v. Blackwelder Furniture Co.*, 33 B.R. 399, 401 (W.D.N.C. 1983) ("Congress provided the Chapter 11 debtor with the absolute right to accomplish voluntary conversion to a Chapter 7 liquidation

without Court approval"). *See also* Fed. R. Bankr. P. 1017(f)(1) and 1017(f)(2) (conversion under section 1112(a) is requested by motion under Rule 9013 but is not to be treated as a contested matter under Rule 9014).

23. In the Debtor's Chapter 11 Case, none of the enumerated exceptions to section 1112(a) of the Bankruptcy Code apply: (1) the Debtor is a debtor-in-possession under sections 1107 and 1108 of the Bankruptcy Code; (2) this case was commenced by the filing of a voluntary chapter 11 petition; and (3) this case was not converted to chapter 11 from another chapter of the Bankruptcy Code. Thus, the Debtor is entitled, as a matter of right, to convert its case to a case under chapter 7 of the Bankruptcy Code.

24. In addition to the legal right to convert this case to chapter 7, the Debtor believes that converting this case to chapter 7 may be in the best interest of its estate and its creditors. As an initial matter, because substantially all of the Debtor's assets have already been sold and transferred to the Purchaser, insufficient assets remain that would allow the Debtor to propose and confirm a plan in this case. Furthermore, the Debtor has limited cash and continues to incur administrative expenses in this Chapter 11 Case. Given these facts, the Debtor believes that the best and most efficient means to move this case to closure is either through dismissal (as discussed below) or conversion to chapter 7 of the Bankruptcy Code.

**B.    Alternative Relief, Dismissal**

25. While the Debtor believes a conversion to Chapter 7 of the Bankruptcy Code may be an efficient means to move this case to closure, given the facts of this case, dismissal of the case may be more appropriate.

26. Section 1112(b) of the Bankruptcy Code requires a court to dismiss or convert a case if a party in interest establishes "cause," absent "unusual circumstances" specifically identified by the Court that establish that the requested conversion or dismissal is not in the best interests of the creditors and the estate. *See* 11 U.S.C. § 1112(b)(1) and (2).

27. Specifically, section 1112(b) of the Bankruptcy Code provides as follows:

> (1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.
>
> (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that—
>
>> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>>
>> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A) –
>>
>>> (i) for which there exists a reasonable justification for the act or omission; and
>>>
>>> (ii) that will be cured within a reasonable period of time by the court.

11 U.S.C § 1112(b)(1) and (2).

28.     Accordingly, where a movant establishes "cause" under section 1112(b)(4)(A), a court must dismiss or convert the case regardless of the presence of "unusual circumstances" that might otherwise weigh against dismissal or conversion. *See* 11 U.S.C. § 1112(b)(1) and (2)(B). Whether a court dismisses or converts a debtor's case depends upon "whichever is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1). For the reasons set forth above, given the Debtor's belief that there are no assets left for a chapter 7 trustee to administer, dismissal, rather that conversion, may be in the best interests of creditors and the Debtor's estate.

29.     Section 1112(b)(4)(A) provides that "cause" exists for dismissal (or conversion) where a debtor incurs "substantial *or* continuing loss to or diminution of the estate" *and* there is an "absence of a reasonable likelihood of rehabilitation." *See* 11 U.S.C. § 1112(b)(4)(A). In this case, dismissal (or conversion) is mandated under the plain language of section 1112(b)(1) because the Debtor can establish "cause" for dismissal under section 1112(b)(4)(A) due to the Debtor's substantial *or* continuing losses (given the Debtor's inability to access any additional borrowings under the DIP Order) *and* the absence of any reasonable likelihood of rehabilitation.

30.     As this Court is aware, the Debtor cannot sustain a stand-alone operational reorganization based upon, among other things, the Sale of substantially all of the Debtor's assets, the level of the Debtor's secured debt and a lack of long term financing.

31.     While the Purchaser has agreed to provide a specific limited Budget to properly dismiss or convert this case and ensure payment of all administrative expenses incurred through the hearing on this Motion, the amount of the Budget will not support a plan of liquidation. Furthermore, the Debtor is not certain whether conversion to chapter 7 is appropriate because, as this Court is aware, substantially all of the Debtor's assets have been transferred to the Purchaser (including, without limitation, all Causes of Action) and therefore there are no remaining assets

to be distributed to unsecured creditors. Further, any assets that might remain in the estate would be liquidated for the benefit of the Debtor's Lender. The Debtor believes the Lender would support dismissal rather than conversion.

32. Accordingly, there is no dispute that the Debtor is incurring continued losses and that this case should be dismissed or converted. *See, e.g., In re AdBrite Corp.*, 290 B.R. 209, 215 (Bankr. S.D.N.Y. 2003) ("Courts have held that a negative cash flow postpetition and an inability to pay current expenses satisfy the elements of § 1112(b)(1)" [now § 1112(b)(4)(A)]); *In re Route 202 Corp.*, 37 B.R. 367, 376 (Bankr. E.D. Pa. 1984) ("Obviously, if the debtor has a negative cash flow after the entry of the order for relief in the chapter 11 case, the [elements of former § 1112(b)(1) are] satisfied").

33. Additionally, there is no reasonable likelihood of "rehabilitation" under section 1112(b)(4)(A) of the Bankruptcy Code. It is well-settled that reference in section 1112 to "rehabilitation" means something different than "reorganization," which includes liquidation. Courts consistently hold that "rehabilitation," as distinguished from "reorganization," denotes a restoration of a viable business and does *not* include liquidation. *Loop Corp. v. U.S. Trustee*, 379 F.3d 511, 516 (8th Cir. 2004) ("Courts have consistently understood 'rehabilitation' to refer to the debtor's ability to restore the viability of its business."); *In re Gonic Realty Trust*, 909 F.2d 624, 627 (1st Cir. 1990) ("[W]ith no business left to reorganize, Chapter 11 proceedings were not serving the purpose of rehabilitating the debtor's business."); *United Food & Commercial Workers Union, Local 21 v. Family Snacks, Inc. (In re Family Snacks, Inc.)*, 257 B.R. 884, 895 (8th Cir. BAP 2001) ("Congress has distinguished the narrower concept of rehabilitation from the broader concept of reorganization"); *AdBrite*, 290 B.R. at 216[2] ("rehabilitation does not mean

---

[2] Internal citations omitted.

the same thing as reorganization for purposes of Chapter 11 because a reorganization may include an orderly or complete liquidation. In this context, rehabilitation means to put back in good condition and reestablish on a sound basis. It signifies that the debtor will be reestablished on a secured financial basis, which implies establishing a cash flow from which its current obligations can be met.").

34.   As this Court is aware, the Debtor has sold substantially all of its assets and has no business or financing to attempt any reorganization and no intention of attempting any reorganization. As such, there is no reasonable likelihood of rehabilitation.

35.   This Court and other bankruptcy courts in this District and Circuit have dismissed cases pursuant to section 1112(b) under similar circumstances, where the debtor lacks sufficient funds to confirm a chapter 11 plan and/or where the costs associated with plan confirmation would eliminate the possibility of a meaningful creditor recovery. *See, e.g., In re G.I. Joe's Holding Corp.*, Case No. 09-10713 (KG) (Bankr. D. Del. Mar. 10, 2011) [Docket No. 753, 773, 804]; *In re CFM U.S. Corp.*, Case No. 08-10668 (KJC) (Bankr. D. Del. Feb. 1, 2010) [Docket No. 1282]; *In re Foamex Int'l Inc.*, Case No. 09-10560 (KJC) (Bankr. D. Del. Jan. 20, 2010) [Docket No. 761]; *In re Alternative Distribution Systems, Inc.*, Case No. 09-13099 (PJW) (Bankr. D. Del. Dec. 1, 2009) [Docket No. 213]; *In re KB Toys, Inc.*, Case No. 08-13269 (KJC) (Bankr. D. Del. Dec. 1, 2009) [Docket No. 914]; *In re Wickes Holdings, LLC*, Case No. 08-10212 (KJC) (Bankr. D. Del. May 11, 2009) [Docket No. 1418]; *In re Magnolia Energy L.P.*, Case No. 06-11069 (MFW) (Bankr. D. Del. Feb. 12, 2007) [Docket No. 196]; *In re New Weathervane Retail Corp.*, Case No. 04-11649 (PJW) (Bankr. D. Del. Sept. 4, 2005) [Docket No. 566]; *In re Princeton Ski Shop*, Case No. 07-26206 (MS) (Bankr. D. N.J. Dec. 23, 2008) [Docket No. 546]; *In re Blades Board and Skate, LLC*, Case No. 03-48818 (Bankr. D. N.J. June

29, 2004) [Docket No. 126]. The attached dismissal order represents the parties' cooperative efforts at reaching a solution that benefits all of the creditors within the confines of the Bankruptcy Code. Authorizing dismissal of the Debtor's Chapter 11 Case simply furthers the Bankruptcy Code's goal of efficient administration of the Debtor's bankruptcy estate, eliminates the accrual of administrative expense obligations and brings closure to this case in a timely manner.

36. Accordingly, the Debtor respectfully requests that the Court enter an order either converting this case from a case under chapter 11 of the Bankruptcy Code to a case under chapter 7 of the Bankruptcy Code, or alternatively, dismissing this case at its earliest convenience.

## NOTICE AND NO PRIOR REQUEST

37. Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) counsel for the Revolate Trustee; (c) counsel for CC Bridge Lender, LLC; (d) the Debtor's 20 largest unsecured creditors; and (e) all creditors requesting notice in this case pursuant to Bankruptcy Rule 2002 and this Court's Orders. In light of the nature of the relief requested herein, the Debtor submits that no further notice need be given.

38. No prior request for the relief requested herein has been made to this or any other court.

*[The remainder of this page was intentionally left blank]*

WHEREFORE, the Debtor respectfully requests that the Court either: (a) enter an Order, substantially in the form attached hereto as **Exhibit A**, (i) converting the Debtor's Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code, and (ii) granting such other and further relief as is just and proper; or (b) alternatively, enter an Order, substantially in the form attached hereto as **Exhibit B**, (i) dismissing the Debtor's Chapter 11 Case, and (ii) granting such other and further relief as is just and proper.

Dated: February 7, 2014
      Wilmington, Delaware

**COUSINS CHIPMAN & BROWN, LLP**

_____
Scott D. Cousins (No. 3079)
William E. Chipman, Jr. (No. 3818)
Ann M. Kashishian (No. 5622)
1007 North Orange Street, Suite 1110
Wilmington, Delaware 19801
Telephone:    (302) 295-0191
Facsimile:    (302) 295-0199

*Counsel for the Debtor and Debtor-in-Possession*